**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-7184**

_____

ANTHONY MUSTAFAN CHISLEY,

        Plaintiff – Appellant,

    v.

JAMES HOLWAGER, Chief Psychologist; RICHARD J. GRAHAM, JR.,
Assistant Warden; SHERRY HAFERKAMP, Psychologist; BOOTH,
Psychologist; HARR, Social Worker, et al., individually and
in their own official capacities,

        Defendants – Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Deborah K. Chasanow, Chief District
Judge. (8:09-cv-02099-DKC)

_____

Submitted: March 16, 2011        Decided: April 7, 2011

_____

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Remanded by unpublished per curiam opinion.

_____

Anthony Mustafan Chisley, Appellant Pro Se. Rex Schultz Gordon,
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Mustafan Chisley seeks to appeal the district court's order denying relief on his 42 U.S.C. § 1983 (2006) complaint. In civil actions in which the United States or its officer or agency is not a party, a notice of appeal must be filed with the district court within thirty days after entry of the district court's final judgment or order. Fed. R. App. P. 4(a)(1)(A). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). The district court may extend the filing time if "a party so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires" and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i)-(ii).

The district court's order was entered on July 9, 2010. Therefore, Chisley had thirty days, or until August 9, 2010, to file a notice of appeal. On August 20, 2010, Chisley filed a "motion for reconsideration of notice of appeal," asserting that he had submitted a timely notice of appeal but that the district court had not acknowledged it.[*] In support, he

---

[*] We assume the date appearing on the motion for reconsideration is the earliest date it could have been properly delivered to prison officials for mailing to the court. Houston v. Lack, 487 U.S. 266 (1988).

proffered a carbon copy of the alleged notice of appeal. However, the district court's docket sheet shows no such entry. We liberally construe Chisley's motion as a timely request for an extension of the thirty-day period. Because the district court has not ruled on the motion for extension, we remand this case to the district court for the limited purpose of enabling the court to determine whether Chisley has shown excusable neglect or good cause warranting an extension of time to appeal. The record, as supplemented, will then be returned to this court, for further consideration.

REMANDED